This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41993**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MONICA MAESTAS,**

Defendant-Appellant.

**APPEAL FROM THE METROPOLITAN COURT OF BERNALILLO COUNTY**
**Linda S. Rogers, Metropolitan Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**WRAY, Judge.**

**{1}** Defendant appeals her conviction for driving while under the influence of intoxicating liquor or drugs (DWI). We entered a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition to that notice, which we have duly considered. Unpersuaded, we affirm.

**{2}** Defendant maintains that there was no probable cause to arrest her for DWI because "[t]he cases cited by the [proposed disposition] are distinguishable." [MIO 8] Our probable cause inquiry in this circumstance is whether it was objectively reasonable

for the arresting officer to believe that Defendant had been driving while she was impaired to the slightest degree, that is unable "to exercise the clear judgment and steady hand necessary to handle a vehicle" in a safe manner. *See State v. Sanchez*, 2001-NMCA-109, ¶ 6, 131 N.M. 355, 36 P.3d 446; UJI 14-4501 NMRA. In our proposed disposition, we relied on *State v. Granillo-Macias*, 2008-NMCA-021, ¶ 12, 143 N.M. 455, 176 P.3d 1187, and *Schuster v. New Mexico Department of Taxation and Revenue*, 2012-NMSC-025, 283 P.3d 288, and suggested that there was probable cause to arrest Defendant based on the smell of alcohol emanating from Defendant, her admission to drinking, and her poor performance on the standardized field sobriety tests. [CN 2] *See also Gallegos v. Vernier*, 2019-NMCA-020, ¶ 12, 458 P.3d 533 (affirming the district court's determination of probable cause to arrest the plaintiff for DWI based on the officer's "interaction" with the plaintiff, the plaintiff's poor performance on the standardized field sobriety tests, the odor of alcohol on the plaintiff, and the plaintiff's admission to drinking).

{3}     Although Defendant points to several facts in those cases that are not present here, such as the defendant having bloodshot, watery eyes or the officer witnessing driving potentially indicative of impairment, she does not demonstrate how such facts were dispositive of the court's analysis of probable cause. [MIO 7-8] *See Sanchez*, 2001-NMCA-109, ¶ 12 ("Each case stands on its own facts; there is no one set of circumstances required for probable cause."); *see also id.* ¶ 6 ("An officer does not have to observe a suspect actually driving in an impaired manner if the officer, based upon all the facts and circumstances, has reasonable grounds to believe that [the d]efendant had been driving while intoxicated.'"). Further, Defendant has neither directly addressed our proposed disposition that the above constituted probable cause nor provided us with any contrary authority. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error); *Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 (explaining that where arguments are not supported by cited authority, we presume counsel was unable to find supporting authority, will not research authority for counsel, and will not review issues unsupported by authority).

{4}     Defendant does assert that the standardized field sobriety tests "may have been conducted in such a way that calls their validity into question." [MIO 7] According to Defendant, the arresting officer testified that he gave Defendant an instruction during one of the three standardized field sobriety tests and that the officer was impeached using the National Highway Traffic Safety Administration manual, which apparently did not state that the officer was supposed to give that instruction. [MIO 4] Despite Defendant's challenges to aspects of the officer's instructions on the one-leg stand test, Defendant does not contest that the evidence showed an admission to drinking, the officer's detection of an odor of alcohol, or her other deficient performances on the field sobriety tests—she did not follow instructions during the HGN test or the walk-and-turn test, had difficulty with balance, and started the walk-and-turn test too soon. [MIO 7, DS 4]   Defendant does not demonstrate that these facts are insufficient to establish probable cause. Consequently, we remain unpersuaded that our proposed disposition

was erroneous. *Granillo-Macias*, 2008-NMCA-021, ¶ 9 ("Our probable cause inquiry is whether it was objectively reasonable for the officer to believe that [the d]efendant had been driving while he was to the slightest degree impaired, that is, unable to exercise the clear judgment and steady hand necessary to handle a vehicle in a safe manner." (internal quotation marks and citation omitted)).

**{5}** For the reasons stated in our notice of proposed disposition and herein, we affirm.

**{6}** **IT IS SO ORDERED.**

**KATHERINE A. WRAY, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**MEGAN P. DUFFY, Judge**